The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
* * * * * * * * * * *
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time of Employee-Plaintiff's injury by accident the parties were subject to the Workers' Compensation Act.
2. Employee-Plaintiff was employed by Defendant-Employer on July 2, 1992, and sustained an injury on that date arising out of and in the course of his employment.
3. The medical records of Employee-Plaintiff are stipulated.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff represented on his Application for Employment at Employer-Defendant on January 23, 1992 that he had never had back trouble. Plaintiff's Application for Employment was received into evidence. Plaintiff signed the application warranting that the information given was true. Employer-Defendant's Employment Application noted that "warrant means that misinformation makes you subject to dismissal."
2. Prior to Plaintiff being hired at Employer-Defendant in January of 1992, Plaintiff had sustained numerous back injuries. Plaintiff, an ex-Army sergeant, was involved in a helicopter accident in 1973. In 1975, Plaintiff fell while repelling and again injured his back. In 1982, Plaintiff received back injuries from an automobile accident, and at that time, he sustained trauma to his dorsal spine and fractured his vertebrae.
3. On July 2, 1992, Plaintiff was employed by Employer-Defendant as a carpenter. Plaintiff was the senior man of a three (3) man team. His supervisor was Leonard Mills. On July 2, 1992, Plaintiff was working at the Hamlet Housing Authority on behalf of Employer-Defendant. He was working on the inside of a building in the bathroom of an apartment. Another member of Plaintiff's team was using a jackhammer, which weighed approximately 125 to 150 pounds, to break out a round commode. When that person finished using the jackhammer it was necessary to take the jackhammer outside, and Plaintiff agreed to help the other two men move the jackhammer.
4. On July 2, 1992, Plaintiff sustained an injury to his back when he attempted to carry the jackhammer outside the building. Plaintiff worked all day on the day of the injury. Plaintiff also worked all day on Friday, July 3, 1992, Monday July 6, 1992, Tuesday, July 7, 1992, and Wednesday, July 8, 1992. Plaintiff did not work on July 9 or July 10, but he returned to work on Monday, July 13, 1992 and worked half a day.
5. Plaintiff waited until July 10, 1992 to seek medical treatment for his injury occurring on July 2, 1992. Plaintiff sought treatment for lower back pain and was prescribed Motrin for his pain. On March 23, 1993, Plaintiff was diagnosed with Scoliosis of the dorsal lumbosacral spine and chronic anxiety. At that time, Plaintiff complained of numbness and tingling intermittently in both arms and fingers, lower extremities pain, and back pain. X-Rays of Plaintiff's spine on October 22, 1993 revealed old, post-trauma-type degenerative arthritic changes in Plaintiff's lower cervical spine. Employee-Plaintiff was assessed as having degenerative arthritis of his cervical spine. Employee-Plaintiff was assessed as having degenerative arthritis of his cervical spine and lumbar regions on January 11, 1994. An MRI of Plaintiff's lumbar spine on August 24, 1994, revealed spondylosis at L3-4 with a mild disc bulge. The records in evidence noted that Plaintiff claimed that these back injuries occurring prior to July 2, 1992 resulted in lower back pain for him daily for years.
6. Plaintiff's current disability is not the result of a work related injury. The evidence is consistent with a finding the Plaintiff's current disability is the result of a degenerative condition caused by prior injuries.
7. Plaintiff's pre-existing back condition that he concealed from the Employer-Defendant in his Employment Application predisposed him to a reinjury of the kind for which he seeks compensation. Based upon the relatively slight trauma alleged, any injury resulting from helping other workers lift the jackhammer on July 2, 1992 had as a proximate cause said pre-existing condition and did not result in any on-going disability which Plaintiff may now be experiencing.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
Plaintiff did sustain an injury by accident arising out of and in the course of his employment. However, such injury did not result in any on-going disability which Plaintiff may now be experiencing. N.C.G.S. § 97-2(6).
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim is, accordingly, HEREBY DENIED.
2. Plaintiff's claim for compensation is further barred by his false statements concealing a physical condition pre-disposing him to injury of the exact nature for which he makes this claim.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ______________________, 1996.
FOR THE FULL COMMISSION
 S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
JHB/mj 9/4/96